UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIRK LABADIE,

    Plaintiff,

v.

    File No. 2:14-cv-23

    HON. PAUL L. MALONEY

DOUGLAS MITCHELL, et al.,

    Defendants.
    _____/

## MEMORANDUM OPINION AND ORDER

Plaintiff Labadie brought an action under § 1983 alleging excessive force against Defendant Mitchell and failure-to-intervene claims against Defendants Fruchey, Pingatore, and Touri, in violation of the Fourteenth Amendment. After a one-day bench trial, the Court entered judgment of no cause of action in favor of Defendants. (ECF No. 103.) The matter is before the Court on Plaintiff's motion for reconsideration. (ECF No. 105.) The motion cites Federal Rule of Civil Procedure 40; the Court will construe it as a motion to alter or amend judgment under Rule 59.

**I.**

Because the Federal Rules of Civil Procedure do not provide expressly for motions for reconsideration, courts customarily treat them as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Huff v. Metro. Life Ins. Co.*, 678 F.2d 119, 122 (6th Cir. 1982) ("The district court properly treated the motion to reconsider as a motion under Rule 59 to alter or amend judgment."). The Rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A district court may grant a Rule 59(e)

motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., TN*, 402 F. App'x 107, 108 (6th Cir. 2010). "Rule 59(e) . . . does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

To succeed on a motion for reconsideration, Plaintiff must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). "A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest." *Witherspoon v. Howes*, No. 1:07-cv-981, 2008 WL 4155350, at *1 (W.D. Mich. Sep. 5, 2008) (citing *Compuware Corp. v. Serena Software Int'l, Inc.*, 77 F. Supp. 2d 816, 819 (E.D. Mich. 1999)). The decision to grant or deny a motion for reconsideration under this Local Rule falls within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012). A motion for reconsideration presents an opportunity for the Court to address an erroneous factual conclusion, because the Court overlooked or misconstrued the record, or to correct a misunderstanding of the law, because the Court applied the wrong standard, wrong test, relied on bad precedent, or something similar. *Fleet Eng'rs, Inc. v. Mudguard Tech., LLC*, No. 1:12-CV-1143, 2013 WL 12085183, at *1 (W.D. Mich. Dec. 31, 2013). Disagreement with the Court's interpretations of facts, or applications of the correct law, rarely provide a sound basis for a motion for reconsideration. *Id.*

## II.

Plaintiff argues that Defendants' failure to object to the Magistrate Judge's Report and Recommendation means that they waived their defense of qualified immunity at trial. Plaintiff contends that

the Court has overlooked or misapplied the waiver rule, resulting in a miscarriage of justice. But Plaintiff misunderstands the Sixth Circuit's dismissal of Defendants' interlocutory appeal. (*Labadie v. Mitchell*, No. 15-2003, ECF No. 44.) On appeal, the Sixth Circuit held that Defendants waived appellate review of this Court's order denying their motion for summary judgment because they did not object to the Magistrate Judge's recommendation. (*Id.* at PageID.220.) This does not mean that Defendants waived the defense of qualified immunity at trial. Further, during trial, Plaintiff failed to show a constitutional violation or that Defendants were not entitled to qualified immunity. In Plaintiff's motion, he has not shown a clear error of law or a manifest injustice, as required under Rule 59(e). Thus, Plaintiff has failed to show a palpable defect in the Court's opinion which requires a different disposition of the case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (ECF No. 105) is **DENIED**.


Date: February 17, 2017                                              /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge